**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TACOMA JAWANZA M'WANZA, | ) |
| Plaintiff, | ) Case No. 3:15-CV-00301-RCJ-VPC |
| v. | ) |
| CORRECTIONAL OFFICER GREEN, *et al.*, | ) **ORDER** |
| Defendants. | ) |

## I. DISCUSSION

On December 4, 2015, the Court issued a screening order allowing Plaintiff's complaint to proceed against all the named defendants and directing the parties to participate in the inmate mediation program. (ECF No. 3 at 5). On December 28, 2015, defendants Renee Baker and Sheryl Foster filed a motion for clarification of screening order. (ECF No. 6). These defendants seek clarification of the nature of the claims against them. (*Id.* at 3).

While defendants Baker and Foster frame their motion as one for clarification in order to facilitate settlement, the Court construes their motion as a motion for reconsideration. The traditional mechanisms for a motion for reconsideration are Fed. R. Civ. P 59(e) or Fed. R. Civ. P. 60(b). However, those do not apply here. *See United States v. Martin*, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000) ("Rule 60(b), like Rule 59(e), applies only to motions attacking final, appealable orders . . . ."). Therefore, the Court construes defendants' motion as a motion for reconsideration under the Court's "inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles v. Santa Monica Baykeeper,* 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks and emphasis omitted). Although courts have authority to reconsider prior orders, they "should be loathe to

do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983)).

While the motion is filed on behalf of defendants Baker and Foster, it also addresses the allegations against defendant Healer and accordingly, the Court will reconsider its previous ruling as to all three defendants (Healer, Foster, and Baker).

The Court has reviewed Plaintiff's complaint (ECF No. 4) and its screening order (ECF No. 3), and finds that reconsideration of its prior order is warranted as to defendants Healer and Foster. Defendants Healer and Foster's involvement with Plaintiff's excessive force allegations was limited to their review of his grievances and alleged failure to investigate. The Court finds those allegations are not sufficient to state a colorable claim of excessive force based on supervisory liability. Any knowledge or acquiescence on behalf of defendants Healer and Foster occurred after the incident at issue and would not invoke supervisory liability under established case law. A defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§]1983." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). The Court will dismiss defendants Healer and Foster with prejudice, as amendment would be futile.

With respect to defendant Baker, the Court's previous order stands. The Court's screening order did not find the alleged basis for Baker's liability to be limited to involvement in the grievance process. Plaintiff alleged that defendant Baker saw him immediately following the altercation and would have been able to tell that Plaintiff was disoriented as a result of the alleged excessive force and took no action to assist him.

Plaintiff's allegations against defendant Baker sufficiently state a colorable claim of supervisory liability based on Baker's alleged acquiescence in the constitutional violation. The Court finds that Plaintiff shall proceed on the Eighth Amendment claim against defendant Baker.

## II.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant Baker and Foster's motion for clarification (ECF No. 3) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that Defendants Foster and Healer are dismissed with prejudice, as amendment would be futile.

**IT IS FURTHER ORDERED** that the Eighth Amendment claim against defendants Baker, Green, and Pinkman shall proceed.

**IT IS FURTHER ORDERED** that the stay and referral to the Court's Inmate Early Mediation Program (ECF No. 3 at 5-7) remains in effect.

Dated: This 26th day of January, 2016.

_____
United States District Judge