**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TACUMA JAWANZA M'WANZA, | 3:15-cv-00301-RCJ-VPC |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| CORRECTIONAL OFFICER GREEN, *et al.,* | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.  Before the court is defendant Warden Renee Baker's ("Baker") motion for summary judgment or dismissal (ECF No. 14).  Plaintiff Tacuma M'wanza ("plaintiff") opposed the motion (ECF No. 16), and Baker replied (ECF No. 17).  Also before the court is Baker's motion to strike (ECF No. 20) plaintiff's supplemental filing in support of his opposition (ECF No. 19).  Having reviewed the motions and papers, the court hereby recommends that both the motion to strike and the motion for summary judgment be granted.

## I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an inmate in the custody of the Nevada Department of Corrections ("NDOC"), and currently housed at Ely State Prison ("ESP") in Ely, Nevada.  Pursuant to 42 U.S.C. § 1983 and proceeding *pro se*, plaintiff brings the instant civil rights action against current and former ESP officials.

According to the complaint, the events giving rise to plaintiff's claims are as follows.  On July 31, 2014, following a teleconference between plaintiff and the court regarding another suit, former Correctional Officers Green and Pinkman and a third unknown officer escorted plaintiff to a holding cell.  (ECF No. 4 at 4.)  There, while plaintiff's wrists were handcuffed behind his back and feet were shackled, Pinkman told plaintiff to bend down onto his knees.  (*Id.*)  After plaintiff

1   complied, Green said to him, "so you like to file civil complaints," and punched plaintiff in the

2   side of the head.  (*Id.*)  Plaintiff fell over and Green, Pinkman, and the unknown officer punched

3   and kicked him in the head, back, and ribs.  (*Id.* at 4, 9)  Plaintiff lost consciousness.  (*Id.* at 9.)

4   The officers ordered plaintiff to stand upon regaining consciousness and then escorted him out of

5   the cell and into a hallway.  (*Id.*)

6        Baker passed plaintiff and the officers in the hallway.  (*Id.*)  Despite seeing plaintiff

7   visibly disoriented, Baker did not inquire after his well-being or offer help.  (*Id.*)  That same day

8   plaintiff filed an informal grievance, to which Caseworker Healer responded fifty-one days later.

9   (*Id.*)  No investigation was made into the incident during the fifty-one day period despite

10  plaintiff's allegations of staff misconduct and the protocols set forth in NDOC Administrative

11  Regulation ("AR") 740.  (*Id.* at 10).  Baker responded to plaintiff's grievance at the first level,

12  and Deputy Director Foster responded at the second level.  (*Id.* at 11, 13.)

13       The District Court screened the complaint on December 4, 2015, and determined that

14  plaintiff stated a colorable Eighth Amendment claim against Pinkman, Green, Healer, Baker, and

15  Foster.  (ECF No. 3 at 5.)  Baker and Foster subsequently submitted a motion for clarification.

16  (ECF No. 6.)  Finding reconsideration of the screening order appropriate, the court issued a

17  second order on January 26, 2016.  (ECF No. 8 at 2.)  Because plaintiff's allegations showed

18  Healer and Foster did not personally participate in the alleged Eighth Amendment violation, the

19  court dismissed the claims against them with prejudice.  (*Id.* at 2.)  However, because Baker's

20  alleged role was not limited to the grievance process, the claim "of supervisory liability based on

21  Baker's alleged acquiescence in the constitutional violation" was allowed to proceed.  (*Id.* at 3.)

22                              **II.    MOTION TO STRIKE**

23       Baker moved for summary judgment or dismissal on March 10, 2016.  (ECF No. 14.)

24  After plaintiff had opposed and Baker replied, plaintiff filed a "supplement in support of his

25  opposition . . ." on April 8, 2016.  (ECF No. 19).  Baker moved to strike the filing on the grounds

26  that plaintiff must adhere to the court's procedural rules and the filing is an unauthorized surreply.

27  (ECF No. 20 at 3–4.)

28

2

1    The court agrees that plaintiff's supplemental filing is a surreply.    The local rule

2    governing motions briefing contemplates a motion, and opposition, and a reply, and expressly

3    states that "[s]urreplies are not permitted without leave of court; motions for leave to file a

4    surreply are discouraged." LR 7-2(b).  "[C]ourts in this district routinely interpret Local Rule 7-2

5    to allow filing of surreplies only by leave of court and only to address new matters raised in a

6    reply to which a party would otherwise be unable to respond." *Harkey v. U.S. Bank, N.A.*, No.

7    2:14–cv–00177-RFB-GWF, 2015 WL 300271, at *1 (D. Nev. Jan. 21, 2015).   "Filing of

8    surreplies is highly disfavored, as it typically constitutes a party's improper attempt to have the

9    last word on an issue." *Smith v. United States*, No. 2:13-cv-039-JAD-GWF, 2014 WL 1301357,

10    at *5 (D. Nev. Mar. 28, 2014).  This remains true even where the filer is a *pro se* litigant.  *Id.*

11    (citing *Odoms v. Skolnik*, No. 3:09-cv-00223-RCJ-VPC, 2011 WL 2161391, at *5 (D. Nev. Apr.

12    18, 2011)).

13    Plaintiff did not request leave to file a surreply, and Baker did not raise new arguments in

14    reply to plaintiff's opposition.  Thus, the surreply is wholly unjustified.  The court declines to

15    consider its contents in ruling on Baker's motion for summary judgment, and recommends that

16    the motion to strike be granted.

17    ### III.    MOTION FOR SUMMARY JUDGMENT OR DISMISSAL

18    Whether the court applies the Rule 56 or Rule 12(b)(6) motion to dismiss standard, Baker

19    maintains that plaintiff's claim fails as a matter of law.  (ECF No. 14 at 9–10.)   In particular,

20    Baker argues that she cannot be held liable for the alleged Eighth Amendment violation because

21    plaintiff has neither alleged nor shown that she witnessed, participated in, or had prior knowledge

22    of the use of excessive force.  (*Id.*)   In turn, plaintiff concedes that Baker did not participate in or

23    witness the violation, but contends she is liable as a supervisor for failing to respond to the

24    violation upon learning of its occurrence.  (ECF No. 16 at 9–12.)

25    **A.    Summary Judgment Standard**

26    Summary judgment allows the court to avoid unnecessary trials.  *Nw. Motorcycle Ass'n v.*

27    *U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).  The court properly grants summary

28

1   judgment when the record demonstrates that "there is no genuine issue as to any material fact and

2   the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317,

3   330 (1986); Fed. R. Civ. P. 56(a).  "[T]he substantive law will identify which facts are material.

4   Only disputes over facts that might affect the outcome of the suit under the governing law will

5   properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or

6   unnecessary will not be counted." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).  A

7   dispute is "genuine" only where a reasonable jury could find for the nonmoving party.  *Id.*

8   Conclusory statements, speculative opinions, pleading allegations, or other assertions

9   uncorroborated by facts are insufficient to establish a genuine dispute.  *Soremekun v. Thrifty*

10  *Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).  At this stage, the court's role is to verify

11  whether reasonable minds could differ when interpreting the record; the court does not weigh the

12  evidence or determine its truth.  *Nw. Motorcycle Ass'n*, 18 F.3d at 1472; *Schmidt v. Contra Costa*

13  *Cnty.*, 693 F.3d 1122, 1132 (9th Cir. 2012).

14          Summary judgment proceeds in burden-shifting steps.  A moving party who does not bear

15  the burden of proof at trial "must either produce evidence negating an essential element of the

16  nonmoving party's claim or defense or show that the nonmoving party does not have enough

17  evidence of an essential element" to support its case.  *Nissan Fire & Marine Ins. Co. v. Fritz*

18  *Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  Ultimately, the moving party must demonstrate, on

19  the basis of authenticated evidence, that the record forecloses the possibility of a reasonable jury

20  finding in favor of the nonmoving party as to disputed material facts.  *Celotex*, 477 U.S. at 323;

21  *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002).  The court views all evidence

22  and any inferences arising therefrom in the light most favorable to the nonmoving party.  *Colwell*

23  *v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014).

24          Where the moving party meets its burden, the burden shifts to the nonmoving party to

25  "designate specific facts demonstrating the existence of genuine issues for trial."  *In re Oracle*

26  *Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010).  "This burden is not a light one," and

27  requires the nonmoving party to "show more than the mere existence of a scintilla of evidence . . .

28

1    .  In fact, the non-moving party must come forth with evidence from which a jury could

2    reasonably render a verdict in the non-moving party's favor."  *Id.* (internal citations omitted).

3    The nonmoving party may defeat the summary judgment motion only by setting forth specific

4    facts that illustrate a genuine dispute requiring a factfinder's resolution.  *Liberty Lobby*, 477 U.S.

5    at 249–50.  Although the nonmoving party need not produce authenticated evidence, Fed. R. Civ.

6    P. 56(c), mere assertions, pleading allegations, and "metaphysical doubt as to the material facts"

7    will not defeat a properly-supported and meritorious summary judgment motion, *Matsushita Elec.*

8    *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

9    **B.    Application**

10       The court concluded in its earlier orders that plaintiff stated a colorable claim against

11   Baker for supervisory liability based on deliberate indifference.  (ECF No. 3 at 5; ECF No. 8 at 2–

12   3.)  A supervisor cannot be held liable under 42 U.S.C. § 1983 on a theory of vicarious liability.

13   *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001).

14   Rather, a supervisor is liable only if (1) he was personally involved in the constitutional

15   deprivation, (2) or there is a sufficient causal connection between his wrongful conduct and the

16   constitutional violation.  *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).  Because plaintiff

17   here has not alleged that Baker participated in the use of excessive force, to survive summary

18   judgment he must produce evidence raising a genuine issue of material fact as to whether a causal

19   connection exists between the violation alleged and Baker's wrongful conduct, *see Crowley v.*

20   *Bannister*, 734 F.3d 967, 977 (9th Cir. 2013).

21       As expounded in *Starr*, a plaintiff may establish the requisite causal connection by

22   showing that the defendant "set[] in motion a series of acts by others" or "knowingly refus[ed] to

23   terminate a series of acts by others, which the supervisor knew or reasonably should have known

24   would cause others to inflict a constitutional injury."  652 F.3d at 1207–08 (internal citations,

25   quotations, original alterations omitted).  Thus, action or inaction in training, supervising, or

26   controlling subordinates; acquiescence in subordinates' constitutional violations; and conduct

27   demonstrating a reckless or callous indifference to the rights of others may be sufficient to confer

28

1   supervisory liability.  *Id.* at 1208.  The *Starr* court found that a plaintiff stated a supervisory

2   liability claim where the complaint specifically alleged numerous incidents of deputy-on-inmate

3   violence and inmate-on-inmate violence, that the supervisor had been notified of such incidents,

4   and that the supervisor had not acted to protect inmates despite knowing of the dangers created by

5   his subordinates.  *Id.* at 1208, 1216.

6         Plaintiff cites *Williams v. Smith*, 781 F.2d 319, 323 (2d Cir. 1986) for the proposition that

7   a supervisor may be liable if he learned of a constitutional violation through an appeal and "failed

8   to remedy the wrong"; if he created the "policy or custom" under which constitutional violations

9   were carried out; or if he was "grossly negligent" in supervising subordinates.  (ECF No. 16 at

10  10–11.)  Plaintiff alleges that Baker knew or should have known an Eighth Amendment violation

11  occurred based on plaintiff's appearance on July 31, and based on the informal grievance plaintiff

12  submitted that day.  (*Id.*at 8–11.)  He reasons that Baker "failed to remedy the wrong" because

13  she did not initiate an immediate investigation, as provided for in AR 740.03(2) and 740.05(11).

14  (*Id.* at 3–4, 9–10.)  In addition, plaintiff maintains that Baker ratified a "pattern and practice" of

15  excessive force by her subordinates, as illustrated by incidents of excessive force by the same

16  correctional officers against other inmates in the months that followed.  (*Id.* at 2, 9, 11.)

17        Baker attests that she does not recall seeing plaintiff appear disoriented in a hallway on

18  July 31, 2014, and that she only learned of the alleged incident upon receiving plaintiff's first-

19  level grievance.  (ECF No. 14-8 at 2.)  In response, plaintiff again insists that Baker must have

20  known of the assault that day, and argues that video surveillance will prove him correct.  (ECF

21  No. 16 at 8.)  However, assuming *arguendo* that Baker observed something amiss on July 31, the

22  allegations nevertheless fail to create a triable issue as to a causal connection between Baker and

23  the assault.  In contrast to *Starr*, plaintiff has not shown that Baker was notified of incidents in

24  which her subordinates used of excessive force *prior* to the altercation with Pinkman and Green

25  on July 31.  The hallway encounter, the informal grievance, and the alleged assaults of other

26  inmates each followed the violation at issue here.  Plaintiff has also failed to put forth factual

27

28

allegations or evidence from which the court could infer that Baker's training of or control over her subordinates was deficient.

*Williams* does not save plaintiff's theory. Plaintiff suggests that the court may hold Baker liable because she learned of the violation soon after it occurred and failed to remedy the wrong. *Williams*, however, relied on *United States ex rel. Larkins v. Oswald*, 510 F.2d 583, 588–89 (2d Cir. 1975), a case in which a supervisor knew of an ongoing unlawful confinement and failed to take action. *See Williams*, 781 F.2d at 323. As Baker only learned of the Eighth Amendment violation once it was complete, the facts at hand are clearly distinguishable. Further, plaintiff's expansive reading of *Williams* cannot square with the Supreme Court's holding in *Ashcroft v. Iqbal*. There, in reaffirming that liability under § 1983 cannot be premised on vicarious liability, the Court flatly rejected the argument that "a supervisor's mere knowledge of his subordinate's [constitutional violation] amounts to the supervisor's violating the Constitution." 556 U.S. at 676–77.

In sum, based on the record before the court, a juror could not reasonably find that Baker set in motion or acquiesced to the alleged Eighth Amendment violation. Therefore, the court finds there is no basis for holding Baker liable and recommends that summary judgment be entered in her favor.

## IV.   CONCLUSION

Having found that Baker's summary judgment motion should be granted, the court need not reach her alternative argument in favor of dismissal under Rule 12(B)(6). The parties are advised:

1.     Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.     This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**V.     RECOMMENDATION**

**IT IS THEREFORE RECOMMENDED** that Baker's motion for to strike plaintiff's supplement (ECF No. 20) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that Baker's motion for summary judgment (ECF No. 14) be **GRANTED.**

**DATED**: July 8, 2016.

_____
**UNITED STATES MAGISTRATE JUDGE**